RECEIVED

AUG 1 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| WILLIS PROVOST TRANSPORTATION, INC. | CIVIL ACTION NO. 07-0411 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| FIRST FINANCIAL INS. CO. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment filed by defendant First Financial Insurance Company ("First Financial") [Doc. 22]. The motion is opposed by plaintiff Willis Provost Transportation, Inc. ("Willis Provost"). For the following reasons, the motion is DENIED.

### I.       Factual and Procedural Background

This case arises out of damages occasioned by the leakage of diesel fuel on the subject premises. Willis Provost, which is in the sugarcane farming business, farms a certain tract of land in Vermilion Parish pursuant to a rental agreement it has with the owner of the property. As part of its farming operations, Willis Provost maintains an estimated 8,500 gallon fuel tank on the property. The diesel stored in this tank is used by Willis Provost to fuel the farm equipment used in its sugarcane operations.

On or about August 28, 2006, Willis Provost discovered the diesel fuel in the tank had leaked onto the property. Willis Provost hired B&B Environmental Services to clean up the spill. B&B has made demand on plaintiff for more than $75,000 in clean-up costs.

First Financial issued a policy of commercial general liability insurance to plaintiff, with effective dates of coverage from March 1, 2006 through March 1, 2007. Willis Provost demanded

coverage under this policy, which First Financial denied. The crux of the instant motion is whether an exclusion in the Farm Premises Endorsement of the policy excludes coverage for the costs of the clean-up.

On May 21, 2008, this Court conducted oral argument on the instant motion for summary judgment. The findings of fact and conclusions of law noted by this Court at that oral argument are contained in the transcript of the oral argument that will be filed into the record of this matter under separate cover and is incorporated into this Ruling *in toto*.

After consideration of the arguments of counsel and the evidence at the oral argument on the motion, this Court concluded the exclusion in the Farm Premises Endorsement of the policy contains an ambiguity. As such, the Court deemed it necessary to consider evidence outside the four corners of the policy itself and ordered briefs on the issue of the intent of the parties, as follows:

1. In a brief not to exceed five pages, First Financial was ORDERED to present *factual* evidence that it was not the intent of the parties for the insurance policy at issue to cover all 5,000 acres identified in the Declarations portion of the policy upon which Willis Provost's premium was based. First Financial was also ORDERED to notify this Court whether a trial of this matter will be necessary if this Court determines coverage is not excluded under the Farm Premises Endorsement of the policy, or whether the matter can be handled on briefs.

2. Willis Provost was ORDERED to file a responsive brief, not to exceed 5 pages. Willis Provost was also ordered to notify this Court whether a trial of this matter will be necessary if this Court determines coverage is not excluded under the Farm Premises Endorsement of the policy, or whether the matter can be handled on briefs.

3. Both parties were given the opportunity to file a pocket brief, not to exceed 2 pages, addressing the issue of whether "any ambiguity in an exclusion should be narrowly construed in favor of coverage," pursuant to *Yount v. Maisano,* 627 So.2d 148, 151 (La. 1993).

The parties' responsive briefs are now before this Court, and this Court makes its final determination on the motion herein.

## II. Legal Standards

### A. _Erie_ doctrine:

This action was removed to this Court on the basis of diversity jurisdiction. Therefore, Louisiana law governs the substantive issues of law raised in the case pursuant to the _Erie_ doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

### B. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell*

-3-

*Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

. . . .

. . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

[The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a

judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

## III.   Analysis of Claims

In its supplemental brief filed on June 5, 2008 [Doc. 39], First Financial argues it was not its intent to provide coverage for any properties farmed by Willis Provost outside the location specifically designated in the Declarations portion as "1904 David Duboin Road, New Iberia, Louisiana 70560." In support of its argument, First Financial provides the affidavit of Ann M. Cole, a CGL Underwriting Specialist employed by First Financial, who testified as follows:

- "[i]t is First Financial Insurance Company's expectation that an insured will identify all of the locations where it has operations[,] and in reference to a farmer, all locations where there are farming operations in the insurance application."

- "[w]hen considering an insurance application, the information in the application is initially the only information First Financial Insurance Company has to make a decision regarding whether to underwrite the risk and what premium to charge. With reference to the insurance application submitted by Willis Provost Transportation, it represented that it had one location in Iberia Parish consisting of 5000 acres."

- "If Willis Provost had set forth in its insurance application that it in fact farmed fifty (50) to sixty (60) locations spread out over three parishes, this information may have had an impact on First Financial Insurance Company's decision to continue to underwrite this risk as well as what premium may have been charged. At a minimum, this information would have prompted First Financial to request additional

information from Willis Provost Transportation and to ask additional questions such as (1) How is farm equipment transported between locations?; (2) Is any farm equipment driven on public streets or roads between locations?; (3) Does the insured lease any of the land at any location from/to others? If yes, which locations? (4) Is Additional Insured status required of the landowners (if any land is leased from others)?; (5) If any land is leased to others, what are the operations of the lessees?; (6) Does the insured require certificates of general liability from all lessees for their operations?; (7) Are their limits equal to or greater than the insureds?; (8) Is our insured named as Additional Insured on those policies?; (8) For each location, specify total number of acres, to include a breakdown of acreage use, as well as all operations by location; (10) Is there a water exposure at any location? Fences? Livestock? Residences or Dwellings? Bunkhouse or Dormitory? In addition, a Farm Supplemental Liability application may have been required for each location."

First Financial concedes the insurance agent who assisted Willis Provost in filling out the insurance policy application "did a very poor job of completing it." Nevertheless, considering the attestations contained in Ms. Cole's affidavit, First Financial contends it was its intention to *only* insure "risks pertaining to [the] location" identified in the Declarations page of the Willis Provost policy – that location being the principal office of Willis Provost at 1904 David Duboin Road, New Iberia, Louisiana 70560.

On June 20, 2008, Willis Provost filed its supplemental responsive brief [Doc. 40]. To that brief, Willis Provost attaches the affidavit of Mary Linda Zenon Provost, secretary of Willis Provost, who attests:

- Ms. Provost contacted Michael Lacombe, an insurance agent, to obtain commercial general liability insurance in connection with the sugarcane farming operations of Willis Provost.

- Upon applying for the policy, Ms. Provost gave Mr. Lacombe all of the section, township, and range numbers of the locations that were farmed by Willis Provost and was advised these would be submitted with the application to First Financial.

- The section, township and range numbers provided by Ms. Provost were located in Iberia Parish, Lafayette Parish, and Vermilion Parish and demonstrate that Willis Provost farmed fifty (50) to sixty (60) tracts of land, which equaled approximately 5,000 acres of land.

- Once the application was submitted, Willis Provost was not contacted by anyone from First Financial with any further questions.

- The premium for $5,000 acres was $1,500, which Ms. Provost paid.

In addition, Willis Provost points out that in the "Commercial General Liability Schedule of Classifications and Rates," the box entitled "Rating Terr.", which Willis Provost suggests is properly identified as "Rating Territory," is listed as "003." Noting Ms. Cole fails to identify and/or define this aspect of the policy in her affidavit, Willis Provost contends the designation of "Iberia" in the "Parish" portion of the Declarations portion of the policy, which is directly adjacent to the location address (which contains the principal place of business of Plaintiff at 1904 David Duboin Road, New Iberia, Louisiana 70560), represents only the parish *of the principal place of business* of Willis Provost. Willis Provost contends the "Rating Territory" represents *how many parishes* are farmed by Willis Provost, and that the "003" designation shows the 5,000 acres farmed by Willis Provost are located in three parishes. Willis Provost contends this information, when considered in conjunction with the premium base for 5,000 acres, shows the parties' intent that the policy cover all 5,000 acres farmed by Willis Provost, which are spread out over 50-60 tracts. Willis Provost argues this evidence successfully rebuts First Financial's argument that the clean-up costs are excluded from coverage.

This Court notes neither First Financial nor Willis Provost complied with this Court's order to inform this Court whether a hearing would be necessary to resolve the outstanding issues contained in the instant motion for summary judgment. In the absence of a request to conduct a hearing, this Court presumes no hearing is necessary and issues the following ruling herein.

After consideration of the arguments of counsel and the evidence presented, this Court concludes First Financial fails to carry its burden of proving it is entitled to summary judgment.

First, with respect to the questions Ms. Cole testified might have been asked had Willis Provost indicated it farmed 50 to 60 tracts of farmland rather than one contiguous 5,000 acre tract, this Court concludes such questions would be appropriately posed to any insurance applicant, regardless of whether the applicant sought to insure property in a contiguous tract or several separate tracts. For example, this Court finds it is reasonable to assume farm equipment would be driven on either public streets or roads between farming locations even if the tract in question were a contiguous tract of farmland. Furthermore, this Court concludes it would be appropriate to ask any insurance applicant with a contiguous tract whether *any* portion of the tract was leased to others; what type of operations are farmed on all portions of the tract; and whether there is water exposure, livestock, fencing, and/or residences on any portion of the tract. Simply, this Court concludes such questions would expose the risks inherent in insuring both contiguous and non-contiguous tracts.

While the risks of insuring separate tracts as opposed to a contiguous tract may be *somewhat* enhanced, nevertheless, this Court notes there are risks associated with insuring contiguous tracts, and First Financial has not adequately demonstrated that the risks associated with insuring separate tracts are so much greater than the risks associated with insuring contiguous tracts that a higher premium base would be warranted for insuring separate tracts. Indeed, as Willis Provost points out in its brief, Ms. Cole's attestations that the premium base *may have been higher* had Willis Provost indicated it sought to insure separate tracts are not definitive. Indeed, Ms. Cole states only that the premium base *may* have been higher. Such testimony is not sufficient to persuade this Court it was not First Financial's intention to provide coverage for all 5,000 acres identified in the Declarations portion of the policy, even if those acres are located in three parishes.

First Financial's argument is further undercut by the affidavit of Ms. Provost, who testified she was asked to submit all of the section, township, and range numbers of the locations that were

-8-

farmed by Willis Provost to the agent assisting her with the application and was advised this information would be submitted with the application to First Financial. Ms. Provost testified the section, township, and range numbers she provided identified locations in Iberia Parish, Lafayette Parish, and Vermilion Parish. Ms. Provost testified she was not contacted by anyone from First Financial after submitting these documents, and that she was quoted a premium of $1,500 based on the information she provided to the agent. This Court finds that, upon receipt of the foregoing documentation, Mr. Lacombe – who was acting as First Financial's agent – knew or should have known the tracts sought to be insured were non-contiguous.

The Court's conclusion is further bolstered by the Declarations page of the policy itself. The space marked "Rating Terr." is designated as "003," and Willis Provost contends this designation shows the 5,000 acres sought to be insured by Willis Provost's were located in three parishes. This Court finds it very telling that First Financial in no way disputes this argument, nor has it requested an opportunity to reply to this argument as set forth in Willis Provost's brief.

Finally, this Court notes First Financial declined this Court's invitation to brief the issue of whether exclusions in insurance policies are to be narrowly construed in favor of coverage. The Louisiana Supreme Court has noted:

> Policies should be construed to effect, not deny, coverage. *Breland v. Schilling*, 550 So.2d 609, 610 (La.1989); *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081 (La.1984); *LeJeune v. Allstate Ins. Co.*, 365 So.2d 471 (La.1978). Any ambiguity in an exclusion should be narrowly construed in favor of coverage. *Great American Insurance Company v. Gaspard*, 608 So.2d 981 (La.1992); *Breland, supra; Snell v. Stein*, 261 La. 358, 259 So.2d 876 (1972).

*Yount v. Maisano*, 627 So.2d 148, 151 (La.1993). This Court gave all parties an opportunity to brief the applicability of this legal concept to the fact of the instant case. First Financial declined to argue the principle is not applicable to this case.

Application of the foregoing legal principal to the facts and circumstances of this case militates in favor of finding the exclusion does not deny coverage. Having already determined the exclusion contains an ambiguity, this Court went outside the four corners of the policy and requested evidence as to the intent of the parties. First Financial's evidence does not clarify the ambiguity sufficiently for this Court to conclude the exclusion denies coverage. In fact, after considering the evidence presented by both parties, this Court finds the policy does not appear to exclude coverage at all. At the very least, however, the policy continues to contain an ambiguity that was not cured by First Financial's proffer of additional evidence. Pursuant to established Louisiana insurance law, and in the absence of any compelling contrary argument from First Financial, this Court must construe any such ambiguity narrowly in favor of coverage.

In its motion for summary judgment, First Financial seeks a declaration "that there is no coverage under the policy it issued to [Willis Provost] for the clean-up work performed by B&B Fire and Safety Services, Inc. in connection with the diesel spill. In particular, defendant seeks a dismissal in its entirety of the complaint filed by plaintiff against defendant and a judgment in its favor with respect to the third-party demand[1] declaring that there is no insurance coverage for the claims at issue."

Considering the evidence and applicable law, and drawing all reasonable inferences in favor

---

[1] First Financial filed a third-party demand against B&B Fire & Safety Services, Inc., the party that provided the clean-up services to Willis Provost, seeking:

> declaratory relief against B&B "pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 in light of the fact that an actual justiciable controversy exists between all parties to this litigation concerning whether or not insurance coverage is present under third party plaintiff's insurance policy and third party plaintiff seeks a declaration that no overage is present for plaintiff or third party defendant for the claims at issue. In the alternative, third party plaintiff avers that thirds party defendant is otherwise a party needed for adjudcation pursuant to Federal Rule of Civil Procedure 19."

See Doc. 16.

of the non-moving party, this Court concludes First Financial has failed to carry its burden of demonstrating by competent evidence that there is no coverage under the policy it issued to Willis Provost. Indeed, the only issue before the Court at this time is whether the policy provides coverage under the Farm Premises Endorsement, or whether the exclusion contained in the Farm Premises Endorsement of the policy excludes coverage to Willis Provost. This Court concludes First Financial fails to carry its burden of showing coverage is excluded pursuant to the exclusion in the Farm Premises Endorsement.

Therefore, it is ORDERED that First Financial Insurance Company's Motion for Summary Judgment [Doc. 22] is DENIED.

It is further ORDERED that counsel are to jointly contact this Court, within ten days of the date of this ruling, for purpose of selecting a date for a telephone status conference to either set this case for trial or, if the parties wish to submit this matter to the Court on briefs, to set a briefing schedule.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of August, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE